ELI T. REGAN *v.* J. S. J. REGAN.

The best evidence of a discharge in bankruptcy is the certificate of such discharge; and this, the party pleading the bankrupcy must produce or account for its non production, before parol evidence of the discharge can be admitted.

CIVIL ACTION, to recover the rent of certain turpentine boxes, commenced before a Justice of the Peace, and carried by the appeal of the plaintiff to the Superior Court of ROBESON county, and there tried before *Clarke, J.*, at the January (Special) Term, 1874, of said Court.

On the trial below, his Honor allowed the plaintiff to prove his discharge in bankruptcy, by his own parol testimony. To this defendant excepted, and for other errors, not considered in this Court appealed.

*W. F. French* and *Jones & Jones*, for appellant.
*N. A. McLean* and *W. McL. McKay*, contra.

BYNUM, J. The plaintiff declared for the use and occupation of 6,866 turpentine boxes, which he owned and which were worked by the defendant, for the year 1872. The defendant, among other defences, set up as a counter-claim, a note for $400, due to him from the plaintiff. The plaintiff replied a discharge in bankruptcy.

On the trial, the plaintiff was introduced as a witness in his own behalf, and under objection by the defendant, was allowed by the Court to testify, that he was discharged in bankruptcy.

The best evidence of the discharge was the certificate of discharge, and that the plaintiff was bound to produce in evidence, or show sufficient excuse for its non-production, before the parol or inferior evidence could be admitted. This principle of evidence is too plain to require the citation of authority to support it.

It is unnecessary to notice the other exceptions assigned as errors.

PER CURIAM.                                     *Venire de novo.*